1   E. BRENT BRYSON, LTD.
    E. BRENT BRYSON, ESQ.
2   Nevada Bar No. 4933
    3202 West Charleston Blvd.
3   Las Vegas, Nevada 89102
    (702) 364-1234 Telephone
4   (702) 364-1442 Facsimile
    Ebbesqltd@yahoo.com
5

6   *Attorney for Plaintiff,*
    *Shane Lee Brown*
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10  SHANE LEE BROWN,
                                                    Case No.
11                          Plaintiff,
    v.
12
    LAS   VEGAS   METROPOLITAN   POLICE
13  DEPARTMENT, a political subdivision of the State      **COMPLAINT**
    of   Nevada;   SHERIFF   JOE   LOMBARDO,
14  individually and as a policy maker of LAS VEGAS
    METROPOLITAN   POLICE   DEPARTMENT;        **(Jury Trial Demanded)**
15  DOE LAS VEGAS METROPOLITAN POLICE
    DEPARTMENT OFFICERS I through X, inclusive;
16  ROE LAS VEGAS POLICE DEPARTMENT
    OFFICERS XI through XX, inclusive; CITY OF
17  HENDERSON, NEVADA, a political subdivision of
    the State of Nevada; CITY OF HENDERSON
18  POLICE DEPARTMENT, a political subdivision of
    the State of Nevada; THEDRICK ANDRES,
19  individually and as a policy maker and Chief of
    CITY OF HENDERSON POLICE DEPARTMENT;
20  DOE   CITY   OF   HENDERSON   POLICE
    DEPARTMENT SUPERVISORS I through X,
21  inclusive; ROE CITY OF HENDERSON POLICE
    DEPARTMENT   OFFICERS   XI   through   XV,
22  inclusive,

23                          Defendants.

24  ///

25  ///

26

27

                                    1

COMES NOW Plaintiff, SHANE LEE BROWN (hereinafter "BROWN"), by and through his attorney of record, E. Brent Bryson, Esq., of the law offices of E. Brent Bryson, Ltd., as and for his Complaint against Defendants, and each of them, states as follows:

## INTRODUCTION

1.     This is a civil rights action arising under both Federal and State law for damages resulting from what Plaintiff alleges to be the wrongful conduct of the Las Vegas Metropolitan Police Department ("LVMPD"); its police officers and/or employees, and the City of Henderson; its police officers and/or employees.

## DEMAND FOR A JURY TRIAL

2.     Plaintiff demands a jury trial.

## JURISDICTION

### (Federal Causes of Action)

3.     This action is brought by Plaintiff pursuant to 42 U.S.C. §1983 to redress violations perpetrated by the law enforcement Defendants while acting under color of state law, municipal law, custom or policy of certain rights secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343.

## JURISDICTION FOR THE STATE CAUSES OF ACTION

4.     Jurisdiction for the Causes of Action under the statutes of the State of Nevada is conferred upon this Court by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

5.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) as the claims arose in this district.

1

## THE PARTIES

2    6.     Plaintiff SHANE LEE BROWN (hereinafter "BROWN") is and was at all times relevant

3    herein, a resident of the State of Nevada, County of Clark.

4    7.     Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter

5    "LVMPD") is a metropolitan police department formed pursuant to NRC Chapter 280 and is a

6    legal entity for the purposes of 42 U.S.C. §1983.  Defendant LVMPD is responsible for the

7    enforcement of the law and the protection of the citizenry of the City of Las Vegas and Clark

8    County, Nevada.  Defendant LVMPD is also responsible for the training, hiring, control and

9    supervision of all its officers and agents as well as the implementation and maintenance of

10   official and unofficial policies, practices and customs.  At all times relevant to this Complaint

11

12   Defendant LVMPD employed and controlled all the individually named LVMPD Defendants.

13   8.     Defendant JOSEPH LOMBARDO ("SHERIFF LOMBARDO") is the Sheriff of Clark

14   County, Nevada, the head of the LVMPD, and a "person" for the purposes of 42 U.S.C. § 1983.

15   SHERIFF LOMBARDO is sued in his individual and official capacity as to Plaintiff's claims.

16

17   9.     Defendants DOE LVMPD OFFICERS 1-10 and ROE LVMPD SUPERVISORS 11-20

18   whose identities are currently unknown, were at all times relevant hereto law enforcement

19   officers employed by LVMPD.   They are each sued in both their individual and official

20   capacities.

21   10.    Defendant DOE LVMPD OFFICERS I through X, inclusive, are the individual members

22   of the LVMPD who assisted in, participated in, facilitated, permitted or allowed the violation of

23

24   Plaintiff's civil rights.  Plaintiff will ask leave of this Court to insert the true names and

25   capacities of such Defendants when the same have been ascertained and will further ask leave to

26   join said Defendants in these proceedings.

27

11.     Defendant ROE LVMPD OFFICERS XI through XX, inclusive, are supervisory and/or policy making officials of LVMPD, as yet unidentified, who have adopted, implemented, maintained or tolerated policies which permitted, facilitated or allowed the violation of the Plaintiff's civil rights or who have negligently trained, hired or supervised officers, agents or employees of Metro.  Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

12.     Defendant CITY OF HENDERSON is a municipal corporation, political subdivision of the State of Nevada, and a "person" for the purposes of 42 U.S.C. § 1983.  The CITY OF HENDERSON is and was at all times relevant hereto the employer of Defendants DOE HENDERSON POLICE DEPARTMENT OFFICERS (hereinafter "HPD") 1-10 and ROE HPD SUPERVISORS 11-15.

13.     Defendant THEDRICK ANDRES ("CHIEF ANDRES") is the Chief of the Henderson Police Department. He is sued in his individual and official capacity as to Plaintiffs' claims.

14.     Defendants DOE CITY OF HENDERSON POLICE DEPARTMENT SUPERVISORS 1-10 and ROE CITY OF HENDERSON POLICE DEPARTMENT OFFICERS 11-15, whose identities are currently unknown, were at all times relevant hereto law enforcement officers employed by the Henderson Police Department ("HPD"). They are sued in both their individual and official capacities.

15.     Plaintiff is informed and believes and based upon such information and belief, alleges, that each of the Defendants (herein collectively, the "OFFICER DEFENDANTS"), inclusive, are, in some manner, negligently, willfully, or otherwise personally responsible for the events, happenings, occurrences, and injuries sustained by Plaintiff as alleged herein.  It is further

alleged and believed these Defendants were each involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised.

16.    At all times relevant to this Complaint, all of the actions of the Defendants were performed under color of state law and pursuant to their authority as police officers.

17.    At all times pertinent hereto, Defendants, and each of them, were the agents, servants, employers and/or employees of each other and were acting within the course and scope of said relationship.

## GENERAL ALLEGATIONS

18.    In the late afternoon of January 8, 2020, SHANE LEE BROWN finished work and was driving in the City of Henderson when he was pulled over by one or more unknown Henderson City Police Officers.

19.    Although he did not have his driver license with him, SHANE LEE BROWN established his identity by providing his name, social security number, and social security card to the officer.

20.    While performing a records check, the unknown HPD Officers confused SHANE LEE BROWN, a 24-year-old African American man, with a different Shane Brown, a 49-year-old white man, who was the subject of an outstanding felony bench warrant for ownership or possession of firearm by prohibited person.

21.    The warrant for "Shane Brown" was issued for Shane Neal Brown, ID No. 0879906, a Caucasian male, who was then 49 years old, 5 feet 11 inches tall with brown hair and blue eyes, a bushy white beard, and who had first been convicted of a felony in 1994.

///

///

5

22.    Despite the fact that SHANE LEE BROWN is a 23-year-old African American male (who had not yet been born when "Shane Brown" was convicted of a felony in 1994), is 5 feet 7 inches tall, with black hair and blue eyes, he was arrested and transported to the Henderson Detention Center ("HDC") where he was detained from January 8, 2020 through January 10, 2020—awaiting pick up by the LVMPD on the warrant issued for 49-year-old Shane Brown.

23.    During his unlawful detention, SHANE LEE BROWN repeatedly explained to numerous unknown Henderson police officers and supervisors that he was not the 49-year-old white "Shane Brown" who was the subject of the felony warrant.

24.    Upon information and belief, the unknown Henderson police officers and supervisors failed to perform even a cursory review of the warrant to determine if SHANE LEE BROWN was the person named in the warrant.

25.    On January 10, 2020, unknown LVMPD officers transported SHANE LEE BROWN to the Clark County Detention Center ("CCDC") where he was arrested on the felony warrant issued for the white, 49-year-old "Shane Brown."

26.    At the time of his arrest, SHANE LEE BROWN was issued ID No. 7055221, and the LVMPD Temporary Custody Record recorded his ID No., correct date of birth (July 5, 1996), race, height, hair and eye color.

27.    On January 10, 2020, an agent of LVMPD, acting on its behalf, filed a Bench Warrant Return in which he certified that he arrested "Shane Brown", ID No. 0879906 and attached the Temporary Custody Record for SHANE LEE BROWN.

28.    At CCDC, SHANE LEE BROWN once again explained to numerous unknown LVMPD officers and supervisors that he was not the "Shane Brown" named on the felony bench warrant.

///

29.     Despite being informed of this mistaken identity, none of the unknown LVMPD police or LVMPD corrections officers bothered to review its own records to determine whether SHANE LEE BROWN was the subject of the warrant.

30.     Had any of the LVMPD police or corrections officers performed ___any___ due diligence, such as comparing SHANE LEE BROWN's booking photo against the existing mug shot belonging to the older, white "Shane Brown" named in the warrant, comparing his fingerprints, birth date, ID No., or physical description, they would have easily determined that SHANE LEE BROWN has been misidentified as the subject of the warrant.

31.     SHANE LEE BROWN remained unlawfully detained and falsely imprisoned in Metro's custody at CCDC from January 10, 2020 until January 14, 2020.

32.     On January 14, 2020, at the bench warrant return hearing before Judge Joe Hardy, Public Defender Shannon L. Phenix, informed the court that LVMPD officers arrested the wrong person.

33.     Ms. Phenix confirmed SHANE LEE BROWN's identity to the Court by comparing the mug shot of 49-year-old "Shane Brown" with the mug shot taken of SHANE LEE BROWN.

34.     Ms. Phenix also informed the Court that "Shane Brown" had been given a different identification number (879906) than the identification number (7055221) assigned to SHANE LEE BROWN.

35.     The State agreed with Ms. Phenix's representations and Judge Hardy ordered that SHANE LEE BROWN be immediately released from jail—after spending almost a week in detention.

36.     All acts or omissions alleged to have been engaged in by any Defendant are alleged to have been engaged in callous, reckless, and wanton disregard to Plaintiff's rights.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**42 U.S.C. § 1983 - VIOLATION OF U.S. Const. amends. IV and XIV**
*(Against All Defendants)*

37.     Plaintiff hereby incorporates the preceding paragraphs 1through 36 as though fully set forth herein.

38.     Defendants, and each of them, acted under color of state law and violated Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

39.     The DEFENDANT OFFICERS had no legal basis to detain and arrest Plaintiff under the warrant issued for 49-year-old "Shane Brown."

40.     Circumstances indicated to Defendant Officers that further investigation into Plaintiff's identify was warranted.

41.     The DEFENDANT OFFICERS could have easily verified Plaintiff's mistaken identity prior to arrest or while Plaintiff was unlawfully held simply by confirming the race, age, or height of the "Shane Brown" who was the subject of the warrant, or by comparing Plaintiff's fingerprints or mug shot to that of "Shane Brown," or reviewing the publicly available documents filed in the criminal case against "Shane Brown."

42.     The DEFENDANT OFFICERS were deliberately indifferent to Plaintiffs' constitutional rights and failed to act in an objectively reasonable manner.

43.     As a result of the Defendants' Constitutional violations, and each of them, Plaintiff was wrongfully arrested without probable cause and falsely imprisoned.

44.     That as a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff has been injured.

///

## SECOND CAUSE OF ACTION

### (Violation of Plaintiff's Civil Rights
### Monell Liability 42 U.S.C. §1983)

45.     Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46.     Plaintiff further alleges, upon information and belief that it is the policy, practice and custom of and SHERIFF JOE LOMBARDO, the LVMPD and THEDRICK ANDRES and the HPD to tolerate and ratify the unlawful arrests of citizens by its officers.  LVMPD and SHERIFF JOE LOMBARDO and THEDRICK ANDRES and the HPD were the moving force behind the constitutional violations perpetuated by the Defendant officers.

## THIRD CAUSE OF ACTION

### (Negligence)

47.     Plaintiff incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48.     That at all times mentioned herein, Defendants, and each of them, were subject to a duty of care to avoid causing unnecessary harm and distress to citizens in the exercise of the police function.  The conduct of Defendants as set forth herein did not comply with the standard of care to be exercised by reasonable police officers or the policies and procedures of the LVMPD and/or the HPD.

49.     That as a direct and proximate result of Defendants' negligence as herein alleged, Plaintiff has been damaged in an amount in excess of $50,000.00, the exact amount to be proven at trial.

///

///

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

50.     Plaintiff incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.     The conduct of Defendant officers in arresting and detaining the Plaintiff against his will without probable case was extreme and outrageous and done with the intent to cause Plaintiff extreme emotional distress.

52.     That the wrong and unlawful acts perpetuated by Defendants and each of them in intentionally inflicting emotional distress upon Plaintiff was the direct and proximate cause of Plaintiff suffering damages in an amount in excess of $50,000.00, the exact amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (False Imprisonment)

53.     Plaintiff incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants intended to confine the Plaintiff for a term of imprisonment.

55.     Defendants' acts both directly and indirectly resulted in Plaintiff's freedom and freedom of movement to be confined.

56.     Plaintiff was aware and conscious of the confinement and was harmed by said confinement.

57.     That Defendants' conduct was the direct and proximate cause of damages to Plaintiff in excess of $50,000.00, the exact amount to be proven at trial.

///

## SIXTH CAUSE OF ACTION

### (Malicious Prosecution)

58.     Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59.     Defendants initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against Plaintiff.

60.     Defendants lacked probable cause to commence that proceeding.

61.     Defendants acted with malice.

62.     The criminal proceeding was terminated by Court order.

63.     Plaintiff sustained damages as a result of the conduct of the Defendants, and each of them, in an amount in excess of $50,000.00.

### ATTORNEY'S FEES

64.     Plaintiff has been required to retain the services of E. Brent Bryson, Esq. of the law offices of E. Brent Bryson, Ltd. to prosecute this action and should be awarded reasonable costs, expenses and attorney's fees incurred herein pursuant to U.S.C. §§1983 and 1988 and all relevant Nevada Revised Statutes regarding the state claims.

WHEREFORE, Plaintiff prays for judgment as follows:

As to the Federal Claims:

1.      For Compensatory damages in the amount of $500,000.00 (five hundred thousand dollars);

2.      For punitive damages against the individual named officers in an amount deemed appropriate to punish the Defendants for their wrongful and egregious acts;

3.      For reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

As to the State Claims:

1. For compensatory damages in an amount in excess of $50,000.00 (fifty thousand dollars);

2. For punitive damages against all Defendant officers in an amount deemed appropriate by this Court to punish them for their wrongful and egregious conduct;

3. For special damages;

4. For an award of Plaintiff's reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

DATED this 7th day of January, 2022.

E. BRENT BRYSON, LTD.


By /s/ E. BRENT BRYSON
E. BRENT BRYSON, ESQ.
Nevada Bar No. 4933
3202 West Charleston Blvd.
Las Vegas, Nevada 89102
*Attorney for Plaintiff*